Rafael SANCHEZ RAMOS; Guillermina Gomez Sanchez; Veronica Sanchez Gomez; Ramon Sanchez Gomez; Alejandra Sanchez Gomez, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

Rafael Sanchez Ramos, Petitioner,

v.

Alberto R. Gonzales, Attorney General, Respondent.

Nos. 04–74752, 05–72365.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2007.*

Filed July 12, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**304**

Bruce C. Wong, Esq., Duxford Law Group, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kurt B. Larson, Esq., Daniel E. Goldman, Esq., Stacy S. Paddack, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BEA, Circuit Judges.

### MEMORANDUM **

Substantial evidence supports the immigration judge's ("IJ") adverse credibility determination in holding that the petitioners were ineligible for suspension of deportation because Mrs. Sanchez and the Sanchez children had not been continuously present in the United States for seven years prior to service of Orders to Show Cause and because Mr. Sanchez lied to the immigration court about his family members' date of entry. The petitioners' testimony before the IJ included many vagaries and inconsistencies. There was simply no credible evidence to support the testimony that Mr. Sanchez and the children were in the United States before 1992. The implausibility of the testimony

** This disposition is not appropriate for publication and is not precedent except as provid-

given by Mr. and Mrs. Sanchez and the conflicting documentary evidence support the IJ's adverse credibility determination.

We have jurisdiction to review the IJ's conclusion that Mr. Sanchez is statutorily precluded from a finding of "good moral character" on the ground that he gave false testimony to the IJ in order to obtain an immigration benefit. 8 U.S.C. § 1101(f)(6); *Kalaw v. INS*, 133 F.3d 1147, 1151 (9th Cir.1997). Substantial evidence supports the IJ's conclusion that Mr. Sanchez lied to the immigration court.

The stay of voluntary departure for Guillermina Gomez Sanchez (A75–246–104), Veronica Sanchez Gomez (A75–246–105), Ramon Sanchez Gomez (A75–246–107), and Alejandra Sanchez Gomez (A75–246–108) shall continue until issuance of the mandate. *See Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004).

### PETITIONS FOR REVIEW DENIED.